UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharareh Bahrami-Haghigi, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN CANTU, Immigration and Customs ) <br> Enforcement Phoenix Field Office Director, and ) <br> TODD LYONS, Acting Director U.S. ) <br> Immigrations and Customs Enforcement, and ) <br> FRED FIGUEROA, Warden, Eloy Detention ) <br> Center, ) <br> PAMELA BONDI, U.S. Attorney General, and ) <br> KRISTI NOEM, U.S. Secretary ) <br> of Homeland Security, ) <br> ) <br> Respondents. ) <br> _____) | Case No. |

**EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an emergency complaint accompanied by a request for a temporary restraining order against the removal of Petitioner from the United States before her Board of Immigration Appeals (BIA) case is heard.

2. Petitioner is a Zoroastrian who fled religious persecution in the Islamic Republic of Iran.

3. A long-standing opponent of the regime of Islamic Republic of Iran, Petitioner had been persecuted for her religion and her political opinion on numerous occasions. First, Petitioner was arrested for one week for protesting after the death of Mahsa Amini.

4. Later, in 2024, Petitioner's beauty salon was raided by the Basij, a division of the Iranian Revolutionary Guard Corps (IRGC) because of its failure to adhere to Sharia law, to which Petitioner does not adhere as a non-Muslim.

5. In Iran, IRGC members charged Petitioner with crimes of blasphemy because she is not a Muslim and does not follow Muslim religious customs.

6. Fearing for her life, and that she would be subjected to torture, Petitioner and her two children fled Iran.

7. Petitioner was separated from her children shortly after entry into the United States on or about November 18th, 2024.

8. Petitioner filed a *pro se* I-589 from detention, translating documents herself using a translation dictionary. Her application was denied by the Immigration Judge for reasons that Petitioner claims are procedurally and substantively erroneous.

9. The Petitioner has a timely-filed, pending appeal before the BIA, in which undersigned counsel also represents her *pro bono*.

10. On October 21, 2025, Appellate Immigration Judge Mullane issued an Interim Order stating that the appeal was "accepted as timely filed."

11. As of the writing of this Complaint, the appeal is still pending.

12. ICE has informed Petitioner that, despite her time-filed, pending BIA appeal, Respondents intend to deport her amongst other individuals to Iran on or around Sunday, December 7th. The only discernable commonality between these individuals made known to the Petitioner is their Iranian nationality.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

2. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for Arizona, the judicial district in which Petitioner is currently detained;

3. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Arizona, including Petitioner's ongoing detention.

## PARTIES AND FACTS ALLEGED

1. The Petitioner is a Zoroastrian mother of two teenagers who were separated from her by Customs and Border Patrol (CBP) and placed in Office of Refugee Resettlement (ORR) Custody, and now are in foster care placements in New York, New York.

2. Respondent John Cantu is the Immigration and Customs Enforcement Phoenix Field Office Director for U.S. Immigration and Customs Enforcement.

3. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

4. Respondent Fred Figueroa is the Warden of Eloy Detention Center.

5. Respondent Pamela Bondi is the U.S. Attorney General.

6. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

7. All respondents are named in their official capacities.

8. Petitioner is an Iranian national with a pending BIA appeal of her application for Asylum, Withholding of Removal, and relief under the Convention Against Torture. She has been in custody since she arrived in the United States.

9. On information and belief, Petitioner is currently in custody in the District of Arizona, and one or more of the Respondents is her immediate custodian.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of Due Process– *Accardi* Doctrine

1. Respondents' plan to remove the Petitioner to Iran without hearing the timely-filed, pending appeal before the BIA is in direct contravention of the Immigration and Nationality Act, which sets for binding relations and obligations that the Respondents must follow. *See* 8 U.S.C. §1535(c)(1).

2. The regulations on appeals deriving from these statutory rights and obligations include those set forth in 8 CFR § 1003.38.

3. By failing to follow statute and its own regulations, Respondents are violating due process under the *Accardi* doctrine.

4. The *Accardi* doctrine holds that "government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions." *See U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). Failure to do so gives rise to a due process claim. *See Jefferson v. Harris*, 285 F. Supp. 3d 173, 178 (Jan 4, 2018); *Wilkinson v. Legal Servs. Corp,*, 27 F.Supp.2d 32, 34 n.3 (D.D.C. 1998).

### SECOND CLAIM FOR RELIEF

### Violation of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), codified at 8 U.S.C. § 1231(b)(3)(A)

1. FARRA prohibits the government from returning a noncitizen to a country where "the alien's life or freedom would be threatened in that country because of the alien's race,

4

religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

2. Respondent's removal of Petitioner violates FARRA because it does not provide adequate safeguards to ensure that Petitioner is not returned to a country where it is more likely than not that her life or freedom would be threatened because of her religion. That removal of Petitioner violates FARRA is *prima facie* clear from the IRGC blasphemy complaints made against her. As a result, Respondent's actions against Petitioner is contrary to law.

### THIRD CLAIM FOR RELIEF

**Violation of Equal Protection under the Due Process Clause of the Fifth Amendment**

1. Petitioner is a national of Iran.
2. Respondents are attempting to remove individuals of Iranian nationality.
3. National origin is a protected class under the Constitution, and any policy or practice that targets a class of persons based on national origin is subject to strict scrutiny. Accordingly, the government must show its actions are narrowly tailored to further a compelling government interest. U.S. Const. amend. XIV, § 1; Yick Wo v. Hopkins, 118 US 356, 374 (1886); Clark v. Jeter, 486 U.S. 456, 461 (1988).
4. Respondents' actions are not narrowly tailored and there is no compelling government interest that justifies their discrimination against nationals of Iran.

### FOURTH CLAIM FOR RELIEF

**Violation of Due Process Under the Fifth Amendment**

1. Petitioner reallages and incorporates the allegations of all previous paragraphs.

2. The Due Process Clause of the Fifth Amendment provides in relevant part that "No person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

3. In denying Petitioner the right to pursue her timely-filed, pending appeal before the BIA, her removal to Iran violates due process.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;
2. Order that Petitioner shall not be transferred outside the District of Arizona;
3. Grant a temporary restraining order to preserve the status quo pending further proceedings;
4. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.
5. Declare that Petitioner's deportation without allowing for the completion of the BIA appeal violates the *Accardi* Doctrine;
6. Declare that Petitioner's deportation without allowing for the completion of the BIA appeal violates the right to due process under the Fifth Amendment;
7. Declare that any removal of Petitioner to Iran due to her Iranian nationality violates the Equal Protection Clause of the Fifth Amendment;
8. Declare that FARRA precludes any removal of Petitioner to Iran; and
9. Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Andrew Heinrich
Andrew Heinrich
Bar Number: 5925433
Supervising Attorney

Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036

Email: Andrew.Heinrich@projectrousseau.org
Phone: +1 (917) 734-7219

*Pro Bono Counsel for Petitioner*

*Applying for Admission *Pro Hac Vice*


/s/ Matthew Green
Name: Matthew H. Green
Bar Number: 020827

130 West Cushing St.
Tucson, Arizona, 85701

Email: matt@arizonaimmigration.net
Phone: +1 (520) 639-7276

*In-State Counsel*

December 6th, 2025

**CERTIFICATE OF SERVICE**

I, Matthew Green, do hereby certify that on December 6th, 2025, a copy of the foregoing document was delivered electronically to the United States District Court for the District of Arizona at 401 W Washington St, Phoenix, AZ 85003. This document was filed electronically through PACER and both parties are participating in PACER. Therefore, no separate service was completed.

<u>/s/ Matthew Green</u>
Name: Matthew Green
Bar Number: 020827

130 West Cushing St.
Tucson, Arizona, 85701

Email: matt@arizonaimmigration.net
Phone: +1 (520) 639-7276

*In-State Counsel*